

FILED
U.S. DISTRICT COURT
JUN 15 AM 10 50
CLERK
SO. DIST. OF GA.

**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

MARY M. STREET,                    )
                                   )
            Plaintiff,             )
                                   )
vs.                                )        Case No. CV406-256
                                   )
CITY OF BLOOMINGDALE, et al.,      )
                                   )
            Defendants.            )
                                   )

## O R D E R

Before the Court is Defendants' "Motion to Dismiss Pursuant to Fed. R. Civ. Proc. 12(b)(6)." (Doc. 13.) After careful consideration and for the reasons that follow, Defendants' motion is **GRANTED IN PART** and **DENIED IN PART**.

### BACKGROUND

On October 19, 2006, Plaintiff Mary M. Street, a former Bloomingdale Police Department officer, filed a Complaint against the City of Bloomingdale, Georgia ("the City" or "Bloomingdale"); her former supervisor, Police Chief Michael Ray Gossett; the Bloomingdale City mayor and mayor pro tem; and four Bloomingdale City Councilmen. The Complaint, as amended, alleges employment discrimination based on sexual harassment and retaliation in violation of Title VII, 42 U.S.C. § 1983, and the Georgia Fair Employment Practices Act. Additionally, Plaintiff brings a claim under Georgia law for intentional infliction of emotional distress.

Plaintiff maintains that the acts of discrimination began when Defendant Gossett became the Chief of Police. Specifically, she alleges that Chief Gossett:

1) sang the song "I like big butts" in front of numerous male officers while looking at her;
2) asked her, "Is that your flashlight in your pocket or are you just happy to see me?";
3) informed her, at least twice, in front of other officers, that she "needed to get laid";
4) acted as though he was masturbating with a flashlight;
5) told her she "needed to go paint [her] nails and go put on a skirt";
6) stated, while gesturing with a ruler, that he was "going to have to spank [her]";
7) called her into his office and informed her that she needed to find another job;
8) put other job applications and job listings into her mailbox at work;
9) continuously made a conscious effort to demonstrate to Plaintiff and male police officers that Plaintiff was to be excluded from certain activities on the basis of her sex;
10) routinely asked all the male officers to go to lunch, purposely excluding Plaintiff; and
11) denied Plaintiff's request to redesignate one of the two restrooms to "female."

(See Doc. 21 at 2-3 & Doc. 34 at 5-6.) Additionally, Plaintiff contends that Chief Gossett and the other named Defendants engaged in other discriminatory acts which are too numerous to list in their entirety.

Plaintiff contends that she confronted Chief Gossett on numerous occasions and informed him that his actions were embarrassing and affecting her emotional and professional life. She alleges that instead of changing his behavior, the Chief removed her from her supervisory role for lack of leadership, took

away her scheduling authority, moved her to a less desirable work shift, and gave her office to a subordinate male officer. Finally, she argues that the Chief fired her for pretextual reasons.

On December 15, 2006, Defendants filed the instant motion to dismiss Plaintiff's Complaint. Therein, they contend that the following claims should be dismissed: 1) the Title VII claims against the individual Defendants in their individual capacities; 2) the hostile work environment claims; 3) the § 1983 retaliation claims; 4) the claims for punitive damages against the City and the other Defendants in their official capacities; and 5) the claims under the Georgia Fair Employment Practices Act. Four months later, after Plaintiff filed her amended Complaints, Defendants amended their motion to dismiss to call for the dismissal of Plaintiff's newly added claim for intentional infliction of emotional distress.

In Plaintiff's response to Defendants' initial motion, she concedes that her Title VII claims against Defendants in their individual capacities and punitive damages claims against the City and Defendants in their official capacities are not cognizable and should be **DISMISSED**. Additionally, Plaintiff has failed to respond to Defendants' arguments regarding her claims under Georgia law for intentional infliction of emotional distress and under the Georgia Fair Employment Practices Act for sexual harassment and retaliation. Consequently, these claims are **DISMISSED**. See Local

Rule 7.5("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion.").

**ANALYSIS**

## I.   Standard on Motion to Dismiss

For a defendant to prevail on a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), it must show beyond all doubt that a plaintiff can prove no set of facts in support of her claims that would entitle her to relief. See <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); <u>Luckey v. Harris</u>, 860 F.2d 1012, 1016 (11th Cir. 1988).

At the motion to dismiss stage, the Court is required to accept all of the plaintiff's well-pleaded facts as true, and all reasonable inferences are to be construed in the light most favorable to Plaintiff. See <u>e.g.</u>, <u>Bryant v. Avado Brands, Inc.</u>, 187 F.3d 1271, 1274, n.1 (11th Cir. 1999). Consequently, a motion to dismiss a complaint must be decided on questions of law and questions of law only. When faced with a motion to dismiss for failure to state a cause of action, the Court must confine itself strictly to the allegations within the four corners of the complaint. See <u>Crowell v. Morgan Stanley Dean Witter Servs., Co.</u>, 87 F. Supp. 2d 1287, 1290 (S.D. Fla. 2000).

## II.  Hostile Work Enviroment Claims

Title VII of the Civil Rights Act of 1964 prohibits an employer from discriminating "against any individual with respect

4

to [her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). It has long been recognized that "[t]he phrase terms, conditions, or privileges of employment evinces a congressional intent to strike at the entire spectrum of disparate treatment of men and women in employment, which includes requiring people to work in a discriminatorily hostile or abusive environment." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21, 114 S. Ct. 367, 126 L. Ed. 2d 295 (1993)(internal citations omitted). Plaintiff alleges that she was discriminated against on the basis of her sex because she was subjected to sexual harassment by her supervisor while she was employed with the Police Department.

There are two types of sexual harassment cases: (1) sexual harassment which culminates in a tangible employment action such as discharge, demotion, or undesirable reassignment (traditionally referred to as 'quid pro quo' harassment); and (2) sexual harassment in which no adverse tangible employment action is taken, but which is sufficiently severe to constructively alter an employee's working conditions (traditionally referred to as 'hostile work environment' harassment). See, e.g., Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 118 S. Ct. 2257, 141 L. Ed. 2d 633 (1998). (1998); Frederick v. Sprint/United Mgmt. Co., 246 F.3d 1305, 1311 (11th Cir. 2001). Plaintiff contends that she is entitled to relief under both theories. However, Defendants'

5

current motion focuses only on her claims of hostile work environment harassment. Therefore, the Court will confine its analysis to those claims.

To establish a prima facie case of sexual harassment, a plaintiff must show:

> (1) that she belongs to a protected class; (2) that she has been subjected to unwelcome sexual harassment; (3) that the harassment was based on her sex; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that a basis for holding the employer liable exists.

Johnson v. Booker T. Washington Broad. Serv., 234 F.3d 501, 508 n.7 (11th Cir. 2000).[1] Defendants maintain that Plaintiff has failed to allege harassment that is sufficiently severe or pervasive.

A hostile work environment under the fourth element of a sexual harassment claim is one that "is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Harris v. Forklift Sys., Inc., 510 U.S. at 21(internal citations and quotations omitted). In order to be actionable under Title VII, a hostile work environment must be both objectively and

---

[1]"When section 1983 is used as a parallel remedy for violation of section 703 of Title VII [42 U.S.C. § 2000e-2], the elements of the two causes of action are the same." Cross v. Alabama, 49 F.3d 1490, 1508 (11th Cir. 1994).

subjectively offensive, that is, "one that a reasonable person would find hostile and abusive", and one that "the victim in fact did perceive to be so." Mendoza v. Borden, Inc., 195 F.3d 1238, 1244 (11th Cir. 1999).

The Supreme Court has identified a four-factor analysis for an objective determination: "(1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance." Mendoza, 195 F.3d at 1246; see Faragher, 524 U.S. at 787-788. The court should "examine the conduct in context, not as isolated acts, and [consider] the totality of the circumstances." Id.; Hulsey v. Pride Rests., LLC, 367 F.3d 1238, 1248 (11th Cir. 2004).

Defendants argue that the conduct alleged by Plaintiff in this case is not sufficiently "severe and pervasive" to meet the objective threshold for a sustainable claim. However, the cases on which Defendants rely were decided under the more rigorous summary judgment standard. In order for a defendant to prevail at the motion to dismiss stage, it must show beyond all doubt that a plaintiff can prove no set of facts in support of her claims that would entitle her to relief. Defendant has not done so here. On the contrary, Plaintiff's Complaint alleges conduct which was continuous, humiliating, and affected her job performance.

Consequently, the Court finds that Plaintiff has met her burden at this stage. Defendants' motion to dismiss Plaintiff's hostile work environment claim is **DENIED**.

### III. Section 1983 and Fourteenth Amendment Retaliation Claims

Next, Defendants argue that Plaintiff's § 1983 and Fourteenth Amendment claims for retaliation should be dismissed because they are entitled to qualified immunity. When a government official is sued under a theory of direct liability, he may seek to have the complaint dismissed on qualified immunity grounds. Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1263-64, n.6 (11th Cir. 2004). To even be potentially eligible for dismissal on qualified immunity grounds, the official must have been engaged in a "discretionary function" when he performed the acts of which the plaintiff complains. Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982) (holding that qualified immunity extends to "government officials performing discretionary functions"). It is the burden of the governmental official to make this showing. Storck v. City of Coral Springs, 354 F.3d 1307, 1314 (11th Cir. 2003). A defendant unable to meet this burden may not receive summary judgment on qualified immunity grounds. Lumley v. City of Dade City, 327 F.3d 1186, 1194 (11th Cir. 2003); see also Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002). "While a number of Eleventh Circuit cases omit this step of the analysis, binding Supreme Court and Eleventh Circuit precedents require

courts to consider expressly this critical threshold matter."
Holloman, 370 F.3d at 1263-64(internal citations and quotations omitted).

In the instant case, Defendants have failed to even address whether their actions were part of their discretionary job functions. Accordingly, their motion to dismiss on qualified immunity grounds is **DENIED**.

## CONCLUSION

After careful consideration, Defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. The following claims are **DISMISSED**: 1) Plaintiff's Title VII claims against Defendants in their individual capacities, 2) her punitive damages claims against the City and the other Defendants in their official capacities; 3) her claims for intentional infliction of emotional distress; and 4) her claims for sexual harassment and retaliation under the Georgia Fair Practices Act. However, with the exception of the above-noted dismissals, Plaintiff's hostile work environment, retaliation, and disparate treatment claims remain.

SO ORDERED, this /5ᵗʰ day of June, 2007.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA